*E-Filed 4/7/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EDJUAN SCOTT, | No. C 09-3308 RS (PR) |
| Petitioner, | **ORDER DISMISSING ACTION** |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

## INTRODUCTION

Petitioner Edjuan Scott filed this *pro se* action for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Petitioner has paid the filing fee.

## BACKGROUND

According to the petition, petitioner pleaded *nolo contendere* to being an accessory to a crime. Petitioner was sentenced to sixteen months. Petitioner sought, and was denied, relief on direct state review. It appears that petitioner did not seek state habeas relief.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner alleges that his conviction is constitutionally invalid because of various Fourth Amendment violations by the police, and erroneous rulings on his Fourth Amendment claims by the state courts. These claims are not cognizable on federal habeas review. *Stone v. Powell*, 428 U.S. 465, 481–82, 494 (1976), bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims. The existence of a state procedure allowing an opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's actual use of those procedures, bars federal habeas consideration of those claims. *See Gordon v. Duran*, 895 F.2d 610, 613–14 (9th Cir. 1990) (whether or not defendant litigated Fourth Amendment claim in state court is irrelevant if he had opportunity to do so under California law). California state procedure provides an opportunity for full litigation of any Fourth Amendment claim. *See* Cal. Pen. Code § 1538.5. Accordingly, petitioner's claims are not cognizable.

Petitioner having failed to state cognizable claims, the action is DISMISSED without prejudice. The Clerk shall enter judgment in favor of respondents and close the file.

**IT IS SO ORDERED**.

DATED: April 7, 2010

_____
RICHARD SEEBORG
United States District Judge

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

Edjuan C. Scott
F-26905
Contra Costa County Jail
901 Court Street
Martinez, CA 94553


DATED:  04/7/2010


                                            s/ Chambers Staff
                                            Chambers of Judge Richard Seeborg


\* Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.